UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESSE HIGGINS,<br><br>      Plaintiff,<br><br>  vs.<br><br>UPSHAW CONSULTING SERVICES, LLC, and CONTINENTAL RESOURCES, INC., and FLUID END SALES INC. D/B/A FIVE STAR RIG & SUPPLY,<br><br>      Defendants. | CIV. 16-5010-JLV<br><br>ORDER |

Plaintiff brought this personal injury diversity action in February 2016. (Docket 1). The court allowed plaintiff's counsel to withdraw after plaintiff was indicted in 2018. (Docket 89). According to the South Dakota Department of Corrections, plaintiff is incarcerated until March 2030.[1] Defendant Fluid End Sales, Inc., filed a motion for summary judgment on February 13, 2019. (Docket 93). The court ordered plaintiff to respond to the summary judgment motion by May 20, 2019. Plaintiff instead filed a motion requesting appointed counsel. (Docket 110).

"[P]ro se litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). "Instead, district courts may appoint counsel in such cases if

---

[1]Plaintiff may be eligible for parole in 2025. See S.D. Dep't. of Corr. Offender Locator, available at https://doc.sd.gov/adult/lookup/ (last accessed June 3, 2019).

convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel[.]"  Id. (citing 28 U.S.C. § 1915(e)) (quotation omitted).  "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).  However, § 1915(e) "does not authorize the federal courts to make coercive appointments of counsel."  Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 310 (1989).

Plaintiff declares he is unable to afford retained counsel.  (Docket 110). He unsuccessfully contacted four local law firms in an attempt to obtain counsel, presumably on a contingency fee basis.  Id.  Plaintiff's mother wrote a letter to the court in which she stated she contacted a dozen different attorneys, none of whom would take plaintiff's case.  (Docket 108).  Given plaintiff's incarceration and indigency, as well as the complexity of his personal injury claims, the court contacted additional local attorneys to gauge their interest in an appointment to this case.  No attorney would accept appointment.  The court cannot force an attorney to represent plaintiff.  Mallard, 490 U.S. at 310.

Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel (Docket 110) is denied without prejudice.  If plaintiff can locate an attorney willing to

represent him, he may move the court to appoint the attorney on a pro bono basis.

IT IS FURTHER ORDERED that plaintiff respond to defendant Fluid End Sales' motion for summary judgment (Docket 93) by **July 15, 2019**.  Failure to respond to the motion or to seek an extension of this deadline may result in summary judgment being entered in favor of defendant Fluid End Sales.

Dated June 10, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE