UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JESSE HIGGINS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>UPSHAW CONSULTING SERVICES, LLC,<br><br>　　　　　　Defendant. | CIV. 16-5010-JLV<br><br>AMENDED ORDER |

## INTRODUCTION

Plaintiff Jesse Higgins brought this personal injury diversity action relating to an injury he suffered while working on an oil rig.  (Docket 43).  The only defendant remaining in this action is Upshaw Consulting Services, LLC.  The court previously granted summary judgment in favor of Upshaw's co-defendants, Continental Resources, Inc. ("Continental") and Fluid End Sales, Inc. d/b/a Five Star Rig & Supply ("Five Star").  (Docket 129).  As recounted in the court's previous summary judgment order, plaintiff is proceeding *pro se* and is presently incarcerated.  Id. at p. 1.

Upshaw filed its motion for summary judgment on February 27, 2020.  (Docket 133).  Under this court's local rules, plaintiff had 21 days to respond to the motion.  D.S.D. Civ. LR 7.1(B).  He did not file a response or request an extension of the response deadline.

For the reasons explained below, the court grants summary judgment to Upshaw.

## I.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), a movant is entitled to summary judgment if the movant can "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party meets its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Only disputes over facts which might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at 248.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247-48 (emphasis in original).

If a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment is not appropriate.  Id.   However, the moving party is entitled to judgment as a matter of law if the nonmoving party failed to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

In determining whether summary judgment should issue, the facts and inferences from those facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The key inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.

These standards govern despite plaintiff's failure to respond to the pending summary judgment motions. See Mack v. Dillon, 594 F.3d 620, 622 (8th Cir. 2010). "Summary judgment must be denied even if no opposing evidentiary matter is presented" if the moving party cannot meet the Rule 56 standard. Heath v. John Morrell & Co., 768 F.2d 245, 249 (8th Cir. 1985).

## II. Facts

The general facts of this case are set out in the court's previous summary judgment order. (Docket 129 at pp. 2-5). The facts added here pertain to Upshaw's alleged role in the oil rig accident. They are derived from Upshaw's statement of undisputed material facts and supporting record evidence. (Dockets 135 & 136). Upshaw's statement of undisputed material facts is

3

deemed admitted because plaintiff failed to controvert it.   Fed. R. Civ. P. 56(e)(2); D.S.D. Civ. LR 56.1(D).

Although Upshaw nowhere explains the nature of its business, the court gathers it provides rig safety inspections to Continental.   Brandon Upshaw, an Upshaw employee, inspected the rig upon which plaintiff was injured on January 21, 2014.   (Dockets 135 at ¶ 5 & 136-4 at p. 7).   A rig inspection can take anywhere from six to ten hours.   (Docket 135 at ¶ 10).   Inspectors evaluate rig conditions with reference to "best practices[,]" including standards from the Occupational Safety and Health Administration and oil industry groups.   Id. at ¶ 27.   Mr. Upshaw had "several hundred hours" of experience "in the drilling rig inspection process[.]"   Id. at ¶ 9.

Mr. Upshaw inspected the wireline unit that injured plaintiff.   (Docket 136-4 at p. 7).   He marked the unit as "R" with no comments.   (Docket 136-6 at p. 5).   "R" means that the equipment was not "rigged up" or "fully assembled and ready for operation at the time of the inspection."   (Docket 135 at ¶¶ 11-12). An "R" marking for the wireline unit "indicate[s] the owner of the rig should verify and inspect the unit to make sure all control levers are functional and labeled" and "secure to the floor and line guide guarded."   Id. at ¶ 13.

The wireline unit injured plaintiff on February 7, 2014.   (Docket 129 at p. 4).   Plaintiff alleged Upshaw "undertook to perform the duty owed to [him[ to provide safe tools and a safe workplace."   (Docket 43 at ¶ 41).   Plaintiff further asserts Upshaw breached this duty by negligently failing to "identify as a safety

4

deficiency the fact that the wireline unit was not appropriately anchored to the floor" and "the fact that the controls on the wireline unit were not labeled to inform the user of the direction to turn the governor valve to slow and stop the unit." Id. at ¶ 43. He alleges Upshaw's negligence caused his injuries. Id. at ¶ 49. Plaintiff did not notice any expert witnesses in support of his case. Id. at ¶ 26.

### III. Analysis

Upshaw moves for summary judgment on two grounds. First, it asserts it owed plaintiff no legal duty. (Docket 134 at pp. 3-6). Second, it argues plaintiff needs expert testimony to prove the standard of care governing its work. Id. at pp. 6-7. Because plaintiff noticed no experts, Upshaw contends, he cannot prove it breached a duty of care to him in its inspections. Id. The court, assuming without deciding that Upshaw owed a duty to plaintiff, concludes plaintiff cannot prove a breach of that duty without expert testimony.

In a suit alleging professional negligence, as in all "suit[s] based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." Johnson v. Hayman & Assocs., Inc., 867 N.W.2d 698, 702 (S.D. 2015). The scope of the applicable duty is defined, at least in part, by the standard of care governing the professional's work. Mid-W. Elec., Inc. v. DeWild Grant Reckert & Assocs. Co., 500 N.W.2d 250, 254 (S.D. 1993). At trial, plaintiff would have to show the jury what standard of care

governed oil rig safety inspections and prove Upshaw's inspection of the rig in question breached that standard.

"[E]xpert testimony is required to establish the standard of care for a professional unless the issue is within the common knowledge of the jury." Luther v. City of Winner, 674 N.W.2d 339, 344 (S.D. 2004).   The court finds most jurors would not be familiar enough with oil rig inspections to determine, based only on their own experience, whether Upshaw breached the applicable standard of care.

A review of two of this district's past cases concerning necessary expert testimony illuminate the present issue.   In Flora v. Custer Regional Medical Clinic, the court determined expert testimony was not required for a jury to determine whether a landowner negligently operated a public entryway. CIV. 06-5031, 2008 WL 4724316 at *8 (D.S.D. Oct. 24, 2008).   The plaintiff asserted the negligent design of a handicapped entrance to the building in question caused her to fall.   Id. at *1.   The court held whether the entrance was negligently designed was "within the common knowledge of jurors."   Id. at *8.

In contrast, the court held expert testimony was required in City of Spearfish v. Duininck, Inc., 5:14-CV-5039, 2016 WL 4133517 (D.S.D. Aug. 3, 2016).   In that case, a landscape architect and contractor were involved in constructing a pond on a golf course in soil containing gypsum.   Id. at *1.   The gypsum dissolved upon contact with water, causing a liner under the pond to fail.   Id.   The court concluded "a lay person would have no insight regarding the

appropriate response to encountering gypsum during construction of a pond on a golf course." Id. at *5.

This case resembles Duininck more than Flora. The specialized knowledge necessary in this case contrasts with the experience needed in Flora. Virtually all potential jurors have encountered building entrances. But few jurors will be familiar with oil rig inspection standards, just as few would have had any knowledge about the effect of gypsum on pond construction in Duininck. Plaintiff cannot establish the relevant inspection standards with his own lay testimony. An expert will be needed to explain to the jury what Upshaw should have done with respect to the allegedly deficient wireline unit. It is uncontested that plaintiff failed to notice any experts, nor has he asked permission to extend the deadline.

The court finds plaintiff cannot show Upshaw breached any duty it may have had. The court grants summary judgment to Upshaw.

**IV.   Conclusion**

The court acknowledged in the first summary judgment order that "the one-sided nature of the record likely distorts what appears to be a complex personal injury case that could have been, in other circumstances, meritorious." (Docket 129 at p. 16). As with the prior order, this order "is of no precedential value" in future cases concerning necessary expert testimony. Id.

**ORDER**

For the reasons given above, it is

ORDERED that Upshaw's motion for summary judgment (Docket 133) is granted.

Dated May 5, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE